UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACI/BOLAND, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-519-SPM |
| | ) |
| FIRST BUSEY CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 26), filed on October 1, 2018. No responses have been filed. For the following reasons, the motion will be granted.

On or around March 8, 2018, Plaintiff filed a Petition commencing this action in state court. In the initial petition, Plaintiff asserted two claims related to Defendants' alleged charging of Plaintiff's bank account for checks that were forged and not properly payable: one count alleging a violation of Mo. Rev. Stat. § 400.4-401, and one count alleging negligence. On April 6, 2018, the action was removed to this Court. The Court entered a Case Management Order setting the deadline for motions for joinder of additional parties or amendment of pleadings as October 1, 2018. (Doc. 19). On October 1, 2018, Plaintiff filed the instant Motion for Leave to File First Amended Complaint. In the proposed First Amended Complaint. Plaintiff includes the same first two counts and adds a third count: breach of Missouri's Uniform Fiduciaries Law based on Defendant's alleged failure to investigate the transactions at issue. Plaintiff states that the new claim arises in connection with the same conduct that underlies the earlier-filed claims, will not cause undue delay, is not made for the purposes of bad faith, and will not prejudice Defendants.

1

Under Rule 15(a)(2) of the Federal Rule of Civil Procedure, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.* "Under the liberal amendment policy of Federal Rule of Civil Procedure 15(a), a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds that justice requires permitting Plaintiff leave to amend its complaint. This is Plaintiff's first attempt to amend its complaint, and the motion was filed within the deadline set forth in the Case Management Order. Defendants do not oppose the motion. The Court finds no undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, futility, or undue prejudice to Defendants that would justify denying leave to amend.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by Defendants Busey Bank and First Busey Corp. (Doc. 11) is **DENIED** without prejudice, as moot.

**IT IS FINALLY ORDERED** that the Clerk of Court shall docket Plaintiff's proposed Amended Complaint (Doc. 26-1) as the Amended Complaint in this case.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of October, 2018.